UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DARLENE BRYANT,
a citizen and resident of Kentucky,

Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, DARLENE BRYANT ("Plaintiff"), a citizen and resident of Kentucky, sues Defendant, CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("CARNIVAL"), and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff DARLENE BRYANT is a resident and citizen of Kentucky, and is sui juris.

3. Defendant CARNIVAL CORPORATION doing business as CARNIVAL CRUISE LINES ("CARNIVAL,"), is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a resident and citizen of Kentucky, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The damages and injuries suffered by Plaintiff, as alleged in Paragraph 16 below, support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over CARNIVAL exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has been engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, so that venue is proper in this Court.

8. Venue is also proper because CARNIVAL's principal place of business is located within this judicial district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing CARNIVAL with a written notice of claim as required by the ticket contract. A copy of the Notice of Intent correspondence is attached hereto as "Exhibit A."

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S SUNSHINE ("SUNSHINE").


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

11. On October 8, 2024, Plaintiff was a fare-paying passenger aboard the SUNSHINE and in that capacity was lawfully present on board.

12. On October 8, 2024, Plaintiff was walking in a general common passenger walkway near the elevator bay on Deck 7 of the SUNSHINE when she tripped over a flooring transition between carpet and tile that was loose, uneven, and/or not securely affixed or properly maintained in relation to the surrounding floor surface, which was situated in a manner that was not flush with the adjacent floor, causing Plaintiff to catch her foot on the abrupt change in elevation between the two surfaces, trip, fall, and thereby sustain significant injuries, including without limitation, a fractured arm.

13. At all material times, a dangerous condition existed in the general common walkway described above, to wit: a raised, uneven, and/or improperly maintained flooring transition between carpet and tile that was not flush with the surrounding walking surface, which created an abrupt change in elevation and a tripping hazard for passengers walking over it, including Plaintiff.

14. The dangerous condition described in the preceding paragraph was not open and obvious to Plaintiff or to a reasonable passenger in Plaintiff's circumstances because the uneven and unsecured condition of the flooring transition created a concealed tripping hazard that was not discernible through ordinary observation.

15. At all material times prior to October 8, 2024, CARNIVAL had actual and/or constructive notice of the propensity for trip-and-falls on raised or uneven flooring transitions and/or thresholds onboard its vessels from prior incidents, including, but not limited to, the following substantially similar incidents, each of which involved a change in floor elevation or an improperly maintained transition surface that created a tripping hazard for passengers:


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

a. On August 1, 2024, cruise passenger, M.H., tripped and fell while walking toward the restroom in the casino on Deck 7 of the CARNIVAL CELEBRATION when she encountered an uneven flooring transition and/or threshold that was not flush with the surrounding floor surface, causing her to trip, and fall. *Hulin v. Carnival Corporation*, Case No. 1:25-cv-23927.

b. On February 26, 2024, cruise passenger, A.F., tripped and fell while walking near the casino on Deck 4 of the CARNIVAL VISTA when she encountered a flooring transition between carpeted and non-carpeted surfaces that was uneven, raised, and/or not flush with the surrounding walking surface, causing her to trip, and fall. *Forte v. Carnival Corporation*, Case No. 1:25-cv-22744.

c. On February 23, 2024, cruise passenger Lisa Armenda McDaniel tripped and fell near the dining-room area on Deck 5 of the CARNIVAL DREAM due to a defective, damaged, and/or poorly maintained flooring transition that was not properly secured to the floor and/or not flush with the surrounding surface. *McDaniel v. Carnival Corporation*, Case No. 1:24-cv-24236.

d. On November 2, 2023, cruise passenger, M.G., tripped and fell while walking on Deck 9 of the CARNIVAL SPIRIT when she encountered a flooring transition between carpet and tile that was uneven, raised, and/or not flush with the surrounding floor surface, causing her to catch her foot on the change in elevation, trip and fall. *Goodenough v. Carnival Corporation*, Case No. 1:24-cv-22654.

e. On September 12, 2023, cruise passenger, C.S., tripped and fell over an uneven and/or raised threshold situated between the casino and Bonsai Sushi restaurant on


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Deck 5 of the CARNIVAL RADIANCE. *Smith v. Carnival Corporation*, Case No. 1:25-cv-20111.

f. On May 21, 2023, cruise passenger, C.R.J., tripped and fell over a raised transition-strip threshold on Deck 3 near the Guest Services Desk onboard the CARNIVAL CONQUEST. *Reed v. Carnival Corporation*, Case No. 1:24-cv-21330.

g. On December 3, 2023, cruise passenger, E.B., tripped and fell near the dining-room area on Deck 3 of the CARNIVAL GLORY due to a defective and/or poorly maintained flooring transition. *Benitez v. Carnival Corporation*, Case No. 1:24-cv-22785.

h. On July 6, 2022, cruise passenger, S.I.K., tripped and fell over a raised transition-strip threshold near the Empire Dining Room onboard the CARNIVAL SPIRIT. *Iverson-Kristen v. Carnival Corporation*, Case No. 1:23-cv-22523.

i. On June 21, 2022, cruise passenger, B.P., tripped and fell over a raised transition-strip threshold on Deck 9 of the CARNIVAL LEGEND. *Palese v. Carnival Corporation*, Case No. 1:23-cv-21487.

j. On April 3, 2022, cruise passenger, P.M.S., tripped and fell due to a defective, damaged, and poorly maintained flooring transition while walking on the Mezzanine Deck (Deck 4) of the CARNIVAL VISTA. *Shideler v. Carnival Corporation*, Case No. 1:23-cv-21235.

k. On January 23, 2022, passenger M.D. was injured when she tripped over a raised threshold on Deck 10 of the M/S SUNSHINE, which is a cruise ship owned and operated by Defendant CARNIVAL. *Dunford v. Carnival Corp*., Case No. 1:22-cv-22734.

l. On March 10, 2022, passenger R.T. was injured when he tripped over a threshold abutting an uneven, carpeted portion of the floor of the CARNIVAL SUNSHINE. *Tuite v. Carnival Corp.*, Case No. 1:23-cv-20614.

m. On March 19, 2022, passenger P.F. was injured when she tripped over a threshold on the Lido Deck of the M/S SUNSHINE. *Foley v. Carnival Corp.*, Case No. 1:23-cv-23025.

n. On November 3, 2022, cruise passenger, S.M., tripped and fell over an uneven and/or raised flooring threshold or transition strip in the Sapphire Dining Room aboard the CARNIVAL BREEZE, which was not flush with the surrounding floor surface and created a sudden change in elevation. *Maguire v. Carnival Corporation*, Case No. 1:24-cv-21486.

16. As a direct and proximate result of the fall described in Paragraph 12, Plaintiff was injured in and about her body and extremities and suffered pain and suffering therefrom, and sustained mental anguish, disfigurement, disability, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. The future medical and health care expenses are reasonably certain to occur. She also lost earnings and/or earning capacity and will continue to do so in the future. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

17. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

18. At all material times, Defendant CARNIVAL owed Plaintiff, as a fare paying passenger onboard its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the walkway surface in the area where Plaintiff tripped and fell, in a reasonably safe condition.

19. At all material times, the area where Plaintiff fell was in a condition dangerous to passengers traversing the area, including Plaintiff, for the reasons stated in Paragraphs 12 through 14 above.

20. At all material times, CARNIVAL knew or should have known that the dangerous condition referenced in Paragraphs 12 through 14 above, on which Plaintiff tripped and fell posed a tripping hazard for passengers walking over it due to its condition, which had existed for a period of time sufficient to permit detection and correction through reasonable inspection and maintenance. CARNIVAL also had actual and/or constructive notice of the dangerous condition from the prior substantially similar incidents described in Paragraph 15.

21. At all material times, and additionally, CARNIVAL, knew or should have known of the following industry standards, with which it was noncompliant due to the condition of the threshold described in Paragraphs 12 through 14 above:

- ASTM F1637-13 - 5.2.3. Changes in levels up between ¼ and ½ in. (6 and 12 mm) shall be beveled with a slope no greater than 1:2 (rise:run).

- ASTM F1637-13 - 5.2.4. Changes in levels greater than ½ in (12 mm) shall be transitioned by means of a ramp or a stairway that complies with applicable building codes, regulations, standards, or ordinances, or all of these.

- NFPA, the Life Safety Code®, 7.1.6.2 Changes in Elevation. Abrupt changes in elevation of walking surfaces shall not exceed 1/4 in. (6.3 mm). Changes in elevation exceeding 1/4 in. (6.3 mm), but not exceeding 1/2 in. (13 mm), shall be beveled with a slope of 1 in 2. Changes in elevation exceeding 1/2 in. (13 mm) shall be considered a change in level and shall be subject to the requirements of 7.1.7.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

22. Notwithstanding CARNIVAL's actual and/or constructive knowledge of the dangerous condition referenced in Paragraphs 12 through 14 above, CARNIVAL failed before the time of Plaintiff's fall to take reasonable measures to maintain the area, including the subject flooring transition and/or threshold in a reasonably safe manner. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers, including Plaintiff, and was thereby negligent.

23. CARNIVAL's specific negligent acts and/or omissions consist of one or more of the following:

a. Failing to provide adequate edge treatment for the sudden change of elevation posed by the flooring transition and/or threshold in the area where Plaintiff fell;
b. Failing to maintain the area where Plaintiff tripped and fell in a reasonably safe condition so as to prevent trips and falls;
c. Failing to maintain the flooring transition and/or threshold that caused Plaintiff to trip and fall in a reasonably safe condition so as to prevent trips and falls;
d. Failing to maintain the flooring transition and/or threshold such that it would comply with the above-referenced industry standards regarding elevation of floor surfaces.
e. Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff fell to identify or detect potential tripping hazards such as flooring transitions and/or thresholds in the general common walkway near the casino and Bonsai Sushi restaurant; and
f. Failing to inspect the area where Plaintiff tripped and fell for tripping hazards, including the tripping hazard described in Paragraphs 12 through 14 above.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

24. As a direct and proximate result of one or more of CARNIVAL's negligent acts and/or omissions as described above, Plaintiff tripped and fell as alleged in Paragraph 12 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – NEGLIGENT FAILURE TO WARN

25. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

26. At all material times, Defendant CARNIVAL owed Plaintiff, as a fare paying passenger onboard its vessel, a duty to warn passengers including Plaintiff of hazards which it knew or should have known in the exercise of reasonable care that its passengers may reasonably be expected to encounter while on the vessel.

27. At all material times, the area where Plaintiff fell was in a condition dangerous to passengers traversing the area, including Plaintiff, for the reasons stated in Paragraphs 12 through 14 above.

28. At all material times, CARNIVAL knew or should have known that the dangerous condition referenced in Paragraphs 12 through 14 above, on which Plaintiff tripped and fell, posed a tripping hazard for passengers walking over it due to its condition, which had existed for a period of time sufficient to permit detection and correction through reasonable inspection and maintenance. CARNIVAL also had actual and/or constructive notice of the dangerous condition from the prior substantially similar incidents described in Paragraph 15.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

29. At all material times, the dangerous condition of the flooring transition and/or threshold as alleged in Paragraphs 12 through 14 above was not known or obvious to reasonable passengers, including the Plaintiff, due to the inconspicuous nature of the defect.

30. At all material times, and additionally, CARNIVAL, knew or should have known of the following industry standards, with which it was noncompliant due to the condition of the threshold described in Paragraphs 12 through 14 above:

- ASTM F1637-13 - 5.2.3. Changes in levels up between ¼ and ½ in. (6 and 12 mm) shall be beveled with a slope no greater than 1:2 (rise:run).
- ASTM F1637-13 - 5.2.4. Changes in levels greater than ½ in (12 mm) shall be transitioned by means of a ramp or a stairway that complies with applicable building codes, regulations, standards, or ordinances, or all of these.
- NFPA, the Life Safety Code®, 7.1.6.2 Changes in Elevation. Abrupt changes in elevation of walking surfaces shall not exceed 1/4 in. (6.3 mm). Changes in elevation exceeding 1/4 in. (6.3 mm), but not exceeding 1/2 in. (13 mm), shall be beveled with a slope of 1 in 2. Changes in elevation exceeding 1/2 in. (13 mm) shall be considered a change in level and shall be subject to the requirements of 7.1.7.

31. Notwithstanding CARNIVAL's actual and/or constructive knowledge of the dangerous condition of the tripping hazard described in Paragraphs 12 through 14 above, it failed before the time of Plaintiff's fall to take reasonable measures to warn passengers, including Plaintiff, of the material dangerous condition and thereby failed to exercise reasonable care for the safety of its passengers, including Plaintiff, and was thereby negligent.

32. CARNIVAL's specific negligent acts and/or omissions regarding failure to warn consist of one or more of the following:

a. Failing to warn and/or notify passengers of the tripping hazard described in Paragraphs 12 through 14 through written or orally delivered warnings;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. Failing to redirect passengers away from the dangerous condition pending the repair and/or replacement of the dangerous threshold described in Paragraphs 12 through 14 above;

c. Failing to warn and/or notify passengers of the tripping hazard described in Paragraphs 12 through 14 through appropriate markings or signage; and

d. Failing to cordon off the dangerous area described in Paragraphs 12 through 14 before Plaintiff fell and was injured.

33. As a direct and proximate result of one or more of CARNIVAL's negligent acts and/or omissions as described above, Plaintiff tripped and fell as alleged in Paragraph 12 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: November 3, 2025

***/s/Philip M. Gerson***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
NICHOLAS M. PLYMALE
Florida Bar No. 1057884
nplymale@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*